FILED

MAR 28 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
      Plaintiff, )
)
)
v. )
)
)
TALAL CHAMMOUT )
      Defendant. )
)

Case No.
Indictment No.

1:06-CR-426-OWW

## NOTICE OF MOTION FOR POST SENTENCE PRODUCTION
## OF EXCULPATORY EVIDENCE

**PLEASE TAKE NOTICE** that upon the annexed document and all other proceedings had herein, defendant will move this Honorable Court, at a time and place to be determined, for an order granting this Motion for Production of Exculpatory Evidence and for all other relief that this Court deems just and proper.

Respectfully submitted,

_Talal Chammout_
Talal Chammout pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
EASTERN DISTRICT OF CALIFORNIA

Talal Chammout

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | Case No. |
| Plaintiff, ) | | |
| ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| TALAL CHAMMOUT ) | | |
| Defendant. ) | | |
| ) | | |

## MOTION FOR POST SENTENCE PRODUCTION OF EXCULPATORY EVIDENCE

**COMES NOW** the defendant, pro se, in the above numbered and aforementioned cause and moves this honorable court for an order granting this Motion For Production of Exculpatory Evidence for the good reasons adduced herein or in the alternative for an evidentiary hearing to determine same.

Defendant respectfully moves this court for entry of an order requiring the government to preserve and provide him any and all of actual or potential exculpatory evidence relating to issues of guilt or punishment as currently known to the government, its agents or representatives, either pre-sentence, post sentence, or which may become known to them through due diligence. Such evidence shall include but not be limited to the following:

1. Evidence from any informants or other sources that defendant was not a participant in some or all of the acts alleged by the indictment

-1-

2. Any and all statements, reports, recordings made by the law enforcement agents, state or federal, of any informants, cooperating witnesses, unindicted coconspirators or other persons having any knowledge of the facts of the instant offense and do not show the defendants involvement in relation to the allegations contained in the indictment which are exculpatory in nature.

3. Whether any informant, unindicted co-cospirator or any other non police individual who supplied any information or performed any role whatsover concerning any aspect of the offenses charged herein was at the time or in now an agent of the Drug Enforcement Agency or any other govermental agency.

4. As to the above, whether any agent or individual was suspected, apprehended or convicted of the commission of any crime at the time they were solicited to provide information on the instant offense and whether any actual or potential criminal charges or sanctions against these individuals were reduced, defended or mitigated in return for information relating to the instant offense.

5. The prior criminal records of all witnessess, informants, unindicted co-cospirators and cooperating individuals.

6. The substance of any plea bargains entered into by any other unnamed participants whose information or cooperation aided investigation and prosecution.

7. Copies of any and all notes of investigative agencies, public or private, state or federal, local or otherwise which tend to exculpate the defendant as to either guilt or punishment. This includes debriefing tapes, tapes of interviews, conversations with informants, cooperating individuals and the like where notes may conflict with the governments version either directly or by omission.

8. Any and all information regarding any informants, witnessess or likewise who are presently or who have ever been upon any schedule or non schedule narcotic or controlled substance when and where said dependency could lead to information or impeachment favorable to the defense.

9. Whether any government witnessess, informers or unindicted co-conspirators have been known by the government or its agents to have ever filed false reports or distributed a controlled substance regardless of whether said actions were prosecuted.

10. Whether any of the law enforcement officers involved in this investigation, prosecution and sentencing whether state or federal has ever or is now the subject of any adverse departmental investigation relating to their honesty, integrity or veracity.

11. The extent of drug usage of all witnessess and informants and cooperating individuals as far as such information relates to their ability to hear, see and relate facts which occur in their presence.

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE
## OF EXCULPATORY EVIDENCE

Defendant relies generally upon all principles policies and holdings of the Constitution, case law and riles cited herein but has endeavored to specify pertinent cases particular to types of information sought.

Prosecution, post or pre sentence has an absolute duty to disclose all exculpatory information. BRADY vs MARYLAND, 372 U.S 83 (1983). Fundamental to our Constitutional system is the due process requirement that the government preserve evidence favorable to defendant. UNITED STATES vs AGURS, 427 U.S. 97 (1976); KYLES vs WHITLEY, 115 S. CT. 1555 (1995). See also MOONEY vs HOLOHAN, 294 U.S. 103 (1995); PYLE vs KANSAS, 317 U.S. 215 (1942). This requirement encompasses information which bears upon the credibility of witnesses as well as matters material to the guilt or innocence of defendant. GIGLIO vs UNITED STATES, 405 U.S. 150 (1972); NAPUE vs ILLINOIS, 360 U.S. 264 (1959).

The Sixth Amendment specifically guarantees a defendant the right to be confronted with the witness against him. POINTER vs TEXAS, 380 U.S. 400 (1965) and to impeach their testimony with prior inconsistant statements. KIRBY vs UNITED STATES, 174 U.S. 47, 55 (1999). In UNITED STATES vs BAGLEY, 473 U.S. 667 105 S. CT. 3375, 3384 (1995). The Supreme Court made it crystal clear that the suppression of impeachment of other exculpatory evidence amounts to constitutional error and requires reversal if such evidence is material. Our highest courts goes on to state that the reviewing court should assess the facts with an awareness of reconstructing in a post trial proceeding the course that the sentencing would

-4-

have taken had the defense not been misled. In its final words concluding **BAGLEY** the Supreme Court says clearly, simply and most emphatically that the courts supervising power to safeguard the correct administration of justice reinforces t he due process requirement of disclosure and meets the higheststandards of our system of justice.

**WHEREFORE,** for the good reasons adduced herein and based upon the foregoing laws and authorities, defendant prays that this honorable court will grant this Motion for Discovery so that defendant may proceed in an orderly and effective manner the task of his defense and finally that the nature and relevance of discovery and potential discovery not be determined unilaterally by the government but by a joint effort of all concerned parties.

Respectfully submitted,

*Talal Chammout*
**Talal Chammout pro se**

# *Certificate of Service*

I, __Talal Chammout__, hereby certify that I have served a true and correct copy of the following, by placement in the inmate mail:

**Motion for Production of Exculpatory Evidence**

Service of process is deemed complete at the time of delivery to the prison authorities for forwarding to the Court. *Houston v. Lack* 101 L.Ed..2d. 245 (1988) confirms that by such service upon the parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:

    Office of the United States Prosecutor
    Eastern District of California
    1130 O Street
    Fresno, CA.   93721

and deposited in the United States Mail maintained by the FPC Lompoc, Lompoc, California, all requirements of service of process required by law have been fulfilled this:

_____ day of _____, 20 _____.

United States Penitentiary
3901 Klein Boulevard              (Name) __TALAL CHAmmout__
Lompoc, CA 93436

                                    Bureau of Prisons Identification Number