IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff/<br>          Respondent,<br>     vs.<br><br>TALAL ALI CHAMMOUT,<br><br>          Defendant/<br>          Petitioner. | No. CR-F-06-426 OWW<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>MOTION FOR POST-SENTENCE<br>PRODUCTION OF EXCULPATORY<br>EVIDENCE |

On March 28, 2008, Petitioner Talal Ali Chammout, proceeding *in pro per*, filed a "Motion for Post Sentence Production of Exculpatory Evidence." Petitioner moves for an order "requiring the government to preserve and provide him any and all or actual or potential exculpatory evidence relating to issues of guilt or punishment as currently known to the government, its agents or representatives, either pre-sentence, post sentence [sic], or which may become known to them through due diligence." Petitioner's motion describes eleven categories of evidence and

1

prays that his "Motion for Discovery [be granted] so that defendant may proceed in an orderly and effective manner the task of his defense and finally that the nature and relevance of discovery and potential discovery not be determined unilaterally by the government but by a joint effort of all concerned parties."

Petitioner pleaded guilty pursuant to a written Plea Agreement to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The Plea Agreement provided:

> Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of his right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.
>
> ...
>
> Defendant will plead guilty because he is in fact guilty of the crime set forth in Count One of the indictment. Defendant also agrees that the following facts are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:
>
> Beginning at a time unknown but no later than June 1, 2004 and continuing to December 7, 2006, the defendant knowingly possessed firearms which firearms had been shipped and transported in interstate and foreign commerce.
>
> Specifically, on or about December 7, 2006, the defendant was in

possession of five (5) Beretta pistols which firearms had been shipped and transported in interstate and foreign commerce. The defendant possessed these firearms because on December 7, 2006, the defendant purchased these firearms from a cooperating witness for $1,000.  At the time of the purchase, the defendant believed that the firearms were stolen United States government property.

Also on December 7, 2006, the defendant knowingly possessed approximately forty (40) other firearms including three AK 47's, one TEC 9, and one Mini 14, which described firearms were semiautomatic firearms capable of accepting a large capacity magazines [sic] in that the firearm had attached to it a magazine or similar device that could accept 15 or more rounds of ammunition. These described firearms had also been shipped in interstate and foreign commerce.

On or about December 10, 2004, the defendant purchased two sets of night vision goggles, one small arms protective insert, two chemical suits, two ballistic vests, one set of lower torso fragmentation armor and four pairs of hot weather combat boots, believing that such property was stolen United States government property.

On or about June 27, 1995, the defendant was convicted of a felony for Assault with Force Likely to Cause Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in Tulare County Superior Court, California such a violation being a crime of violence, punishable by a term of imprisonment exceeding one year.

Petitioner was sentenced on October 10, 2007 to 78 months incarceration.  Petitioner did not file a Notice of Appeal.

The United States correctly opposes Petitioner's motion on the ground that the Court lacks jurisdiction to grant the requested relief.

"Once a judgment of conviction has been entered, a prison sentence has been imposed and the defendant has begun the service of his term, jurisdiction of the court over the defendant and the criminal proceedings comes to an end except for such remedies as may be provided by the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or the all-writs section, 28 U.S.C. § 1651." *United States v. Gernie*, 228 F.Supp. 329, 332 (S.D.N.Y.1964).

There is no basis under the Federal Rules of Criminal Procedure to re-confer jurisdiction to this Court to grant Petitioner's motion for post-conviction discovery.  Although Petitioner might be entitled to discovery pursuant to Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts, Petitioner has not and cannot file a motion to vacate set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because he waived his right to do so in the Plea Agreement and makes no contention that the waiver in the Plea Agreement was unknowing or involuntary.  Petitioner cannot proceed pursuant to the All Writs Act or 28 U.S.C. § 2241 because he cannot show that relief available under Section 2255 is ineffective because of the waiver.  *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079-1080 (9th Cir.2001).

4

**For the reasons stated above, Petitioner's "Motion for Post Sentence Production of Exculpatory Evidence" is DENIED FOR LACK OF JURISDICTION.**

IT IS SO ORDERED.

**Dated:   May 2, 2008**               /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE