UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. OLIVER W. WANGER, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-CR-426-OWW |
| | ) | |
| vs. | ) | CHANGE OF PLEA |
| | ) | |
| TALAL ALI CHAMMOUT, | ) | |
| | ) | |
| Defendant. | ) | |

Fresno, California                      Thursday, June 7, 2007

REPORTER'S TRANSCRIPT OF PROCEEDINGS

KAREN LOPEZ, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:        United States Attorney's Office
                          BY: STANLEY BOONE
                          2500 Tulare Street
                          Suite 4401
                          Fresno, California 93721


For the Defendant:        Nuttall & Coleman
                          BY:  ROGER NUTTALL
                          2333 Merced Street
                          Fresno, California 93721

| | |
|---|---|
| 1 | Thursday, June 7, 2007                                   Fresno, California |
| 2 | 12:20 p.m. |

3    THE CLERK: Item number two. Case number
4 1:06-CR-426. United States versus Talal Ali Chammout. Change
5 of plea.
6    MR. BOONE: Good afternoon, Your Honor, Stan Boone on
7 behalf of the United States.
8    MR. NUTTALL: Good afternoon, Your Honor. Roger
9 Nuttall on behalf of Talal Ali Chammout, who is present.
10    THE COURT: I have a plea agreement. Are the parties
11 ready to proceed?
12    THE DEFENDANT: Afternoon, Your Honor.
13    MR. NUTTALL: Yes.
14    MR. BOONE: Yes, Your Honor.
15    THE COURT: All right. Mr. Chammout, I'm going to
16 have to ask you a series of questions. You need to be under
17 oath.
18    (Defendant sworn.)
19    THE COURT: Do you understand, now that you're under
20 oath, if you answer any question I ask with a false answer,
21 that could subject you to a separate prosecution for perjury.
22    MR. NUTTALL: I'm sorry. I was moving him while you
23 were talking, Your Honor.
24    THE COURT: All right. Let me ask the question
25 again.

1    Do you understand that, now that you are under oath,
2 if you answer any question that I ask with a false answer,
3 that could subject you to a separate prosecution for perjury?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Would you state your true name, please?
6            THE DEFENDANT:  Talal Ali Chammout.
7            THE COURT:  Your age?
8            THE DEFENDANT:  I'm 48.
9            THE COURT:  How much education have you completed?
10           THE DEFENDANT:  Third grade, Your Honor.
11           THE COURT:  Have you ever been treated for mental
12 illness?
13           THE DEFENDANT:  No, sir.
14           THE COURT:  Have you ever been treated for addiction
15 to narcotic drugs?
16           THE DEFENDANT:  No.
17           THE COURT:  Today have you consumed any medicine,
18 drug or alcohol?
19           THE DEFENDANT:  No.
20           THE COURT:  In this case, you are charged by
21 indictment with being a felon in possession of a firearm and
22 conspiracy to possess stolen government property.  Both are
23 felonies.
24           Have you been able to discuss these crimes with your
25 attorney and how you would defend against them if we had a

1 trial?

2 THE DEFENDANT: Yes.

3 THE COURT: Are you satisfied with the legal advice,
4 counsel and representation your attorney, Mr. Nuttall, has
5 provided you in this case?

6 THE DEFENDANT: Yes.

7 THE COURT: Please look at page 11, line 8 of the
8 agreement. Do you recognize that signature?

9 THE DEFENDANT: Yes.

10 THE COURT: Whose is it?

11 THE DEFENDANT: It's mine, Your Honor.

12 THE COURT: Before you signed this agreement, did you
13 go through it?

14 THE DEFENDANT: Yes.

15 THE COURT: And did you have full opportunity to
16 discuss with Mr. Nuttall and to ask him questions about the
17 meaning of the agreement?

18 THE DEFENDANT: Yes.

19 THE COURT: After you finished that process, are you
20 satisfied that you fully understood the agreement?

21 THE DEFENDANT: Yes.

22 THE COURT: I'm going to go through the agreement
23 with you now provision by provision to make sure you
24 understand it and intend to perform it.

25 The first provision concerns the written document.

1  It will be filed with the Court and become part of the
2  permanent record of your case.  Do you agree?
3          THE DEFENDANT:  Yes.
4          THE COURT:  You're going to enter a guilty plea to
5  Count One of the indictment, which charges you with being a
6  felon in possession of a firearm, a felony.  Is that agreed?
7          THE DEFENDANT:  Yes.
8          THE COURT:  You understand that because the Court
9  must exercise independent discretion in sentencing, that you
10 will not be allowed to withdraw your guilty plea after it's
11 accepted if the Court does not follow the government's
12 sentencing recommendation.  Because the Court isn't bound by
13 your agreement with the government.  Do you understand?
14         THE DEFENDANT:  Yes.
15         THE COURT:  Do you agree?
16         THE DEFENDANT:  Yes.
17         THE COURT:  You have, with knowledge, voluntarily
18 agreed to give up your rights under the constitution and the
19 law to appeal and to seek other review of your prosecution,
20 plea, conviction and sentence.  That includes any direct
21 appeal from this court to a higher court of your plea,
22 conviction and sentence on any ground.
23         Further, you agree not to start another case after
24 your conviction in this court or another court.  That's called
25 a collateral attack, like habeas corpus.  You are waiving,

1 which means giving up, all rights to review. Do you agree?
2 THE DEFENDANT: Yes.
3 THE COURT: I want to confirm with you that you agree
4 that for sentencing purposes, under the advisory sentencing
5 guidelines, the base offense level for felon in possession of
6 firearms is a 22. 22 levels under Section 2K2.1(a)(3) plus
7 six additional levels for more than 25, but less than 99
8 firearms. Do you agree with that?
9 THE DEFENDANT: Yes.
10 THE COURT: You've agreed to give up any rights under
11 the Hyde Amendment to recover attorneys fees or other
12 litigation expenses in connection with the investigation and
13 prosecution of all charges in this case against you. And that
14 will include any dismissed charge. Do you agree with that?
15 THE DEFENDANT: Yes.
16 THE COURT: For sentencing, the Court, as I've
17 already mentioned, must consult the United States Sentencing
18 Guidelines, calculate and apply those guidelines as one
19 sentencing factor. The Court must further consider and apply
20 all the elements of 3553 of Title 18 to consider the totality
21 of the circumstances and pronounce a reasonable sentence.
22 Do you understand how the sentencing process will
23 work as I've just explained it?
24 THE DEFENDANT: Yes.
25 THE COURT: Now, that's everything that you've agreed

1 to that's written down. In return, the government is going to
2 recommend a three level reduction in your offense level if you
3 fully accept responsibility. The government agrees that the
4 base offense level for felon in possession is 22. And that a
5 six level increase will be added for more than 25 but less
6 than 99 firearms.
7 Beyond that, the government makes no other
8 representations about fines, whether any other specific
9 offense characteristics apply, your criminal history or
10 criminal history points, whether there are additional
11 enhancements or reductions. And the government is free to
12 comment and make sentencing recommendations to the Court
13 regarding all those matters. Do you agree with all of that?
14 THE DEFENDANT: Yes.
15 THE COURT: The government also agrees to dismiss
16 Count Two of the indictment at the time of sentencing. Do you
17 agree with that?
18 THE DEFENDANT: Yes.
19 THE COURT: I must advise you of the maximum
20 punishment for this crime. The maximum punishment is ten
21 years in prison, $250,000 fine. Both fine and imprisonment
22 could be imposed. Supervised release term three years. If
23 you were to violate a term of supervised release, you could be
24 returned to prison for the period of supervised release
25 actually imposed by the Court or two years, whichever is less,

and a mandatory penalty assessment of $100 at the time of sentencing. Do you understand all the punishment you face?

THE DEFENDANT: Yes.

THE COURT: Now I will advise you of the elements of the crime. Before you could be convicted of this crime, the government would have to prove true beyond a reasonable doubt each of the following elements and the jury would have to find each of these elements true unanimously.

First, that you knowingly possessed a firearm and, second, that you -- that the firearm had been shipped or transported in interstate commerce. And third, at the time you possessed the firearm, you had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Do you understand each of those elements?

THE DEFENDANT: Yes.

THE COURT: Now I want to confirm that there are facts that are true to support your change of plea. Is it true that beginning at a time unknown but no later than June 1, 2004, continuing to December 7th, 2006, you, with knowledge, possessed firearms, which firearms had been shipped and transported in interstate and foreign commerce, specifically on or about December 7th, 2006. You were in possession of five Beretta pistols. Those firearms had been shipped and transported in the interstate and foreign commerce. You possessed those firearms because on December

1  7th, 2006, you had purchased these firearms from a cooperating
2  witness for $1,000. At the time of the purchase, you believed
3  that the firearms were stolen United States government
4  property. Is all that true?
5      THE DEFENDANT: Yes.
6      THE COURT: On December 7, 2006, you knowingly
7  possessed approximately 40 other firearms, including three AKA
8  47's, one TEC 9 and one Mini 14, which described firearms were
9  semiautomatic firearms capable of accepting a large capacity
10 magazines in that the firearm had attached to it a magazine or
11 similar device that could accept 15 or more round of
12 ammunition. These described firearms had also been shipped in
13 interstate and foreign commerce. Is all that true?
14     THE DEFENDANT: Yes.
15     THE COURT: On or about December 10th, 2004, you
16 purchased two sets of night vision goggles, one small arms
17 protective insert, two chemical suits, two ballistic vests,
18 one set of lower torso fragmentation armor and four pairs of
19 hot weather combat boots, believing that such property was
20 stolen United States government property. Is all that true?
21     THE DEFENDANT: Yes.
22     THE COURT: On or about June 27th, 1995, you were
23 convicted of felony for assault with force likely to cause
24 great bodily injury in violation of California Penal Code
25 Section 245(a)(1) in Tulare County Superior Court of

1  California. That violation, as a crime of violence, was
2  punishable by a term of imprisonment more than one year. Is
3  all that true?
4              THE DEFENDANT: Yes.
5              THE COURT: Are you satisfied, Mr. Boone?
6              MR. BOONE: Yes, Your Honor. Thank you.
7              THE COURT: I must advise you of the constitutional
8  and statutory rights you're giving up by not having a trial.
9  You have a right to be represented by an attorney at every
10 stage of your case. If you cannot afford an attorney, the
11 Court will appoint one for you at no expense to yourself. Do
12 you understand your right to counsel?
13             THE DEFENDANT: Yes.
14             THE COURT: You have a right to a fair public and
15 speedy trial by jury. At the jury trial, you would be
16 represented by your attorney, you would participate in the
17 selection of the jury. You could not be convicted unless or
18 until all twelve jurors unanimously agreed that every element
19 of any crime charged against you was proved true beyond a
20 reasonable doubt. If less than twelve jurors agree, there
21 would be a mistrial and the case would have to be tried over
22 again.
23             To be acquitted of any charge, the jury would have to
24 unanimously agree that at least one element of the crime was
25 not proved true beyond a reasonable doubt and then you would

1   be not guilty of that charge.
2              You understand your rights to a fair public and
3   speedy trial as just explained?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Are you willing to give them up?
6              THE DEFENDANT:  Yes.
7              THE COURT:  You have confrontation rights.  These
8   include the right to be present in open court at every stage
9   of your case.  The right to be present at the jury trial, to
10  face the jury, to challenge the government's evidence, which
11  would consist of testimony of witnesses under oath, documents
12  and other exhibits received into evidence.
13             You have the right to question each government
14  witness after the government attorney questions.  That is
15  called the right of cross-examination.
16             You have no duty to present evidence or prove
17  anything at the trial.  However, if you had witnesses that you
18  wished to call in your defense at the trial and they were
19  unwilling to come to court, at your request the Court would
20  issue subpoenas to order your witnesses to attend the trial.
21             Do you understand your rights of confrontation as
22  just explained?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Are you willing to give them up?
25             THE DEFENDANT:  Yes.

1     THE COURT: You have a privilege against
2  self-incrimination. This is the right to remain silent, to
3  not testify, to rely on the presumption of innocence and to
4  have the jury instructed that they could not draw any adverse
5  inference against you for exercising your privilege against
6  self-incrimination nor could they hold it against you in any
7  way if you exercised that privilege.
8     Do you understand your privilege against
9  self-incrimination as just explained?
10    THE DEFENDANT: Yes.
11    THE COURT: Are you willing to give it up?
12    THE DEFENDANT: Yes.
13    THE COURT: How do you plead to Count One of the
14 indictment which charges you with being a felon in possession
15 of a firearm. Guilty or not guilty?
16    THE DEFENDANT: Guilty.
17    THE COURT: It's a felony. And do you admit or deny
18 that you possessed more than 15 but less than 99 firearms?
19    THE DEFENDANT: Yes.
20    THE COURT: Admit or deny? You have to admit or
21 deny.
22    THE DEFENDANT: Admit.
23    THE COURT: It is the finding of the Court in the
24 case United States versus Talal Ali Chammout that the
25 defendant is fully capable of entering an informed plea and

1  admission. That his informed plea and admission are fully
2  supported by independent facts that establish every essential
3  element of the crime. Your plea of guilty and admission as to
4  quantity of weapons are now accepted and you are adjudged
5  guilty of this crime.
6      I refer your case to the probation officer for report
7  and recommendation as to sentence and order that you return to
8  this Court August 27th, 2007. What time do you want it,
9  morning or afternoon?
10     MR. BOONE: Your Honor, there might -- I think we
11 probably have a hearing on the matter, so we probably should
12 go to the afternoon. Or if the Court wants to set it on a
13 special day.
14     THE COURT: Mr. Nuttall?
15     MR. NUTTALL: Yes. Afternoon.
16     THE COURT: All right. 1:30 p.m.
17     Is there anything further today?
18     MR. BOONE: No, Your Honor. Thank you.
19     THE COURT: You are welcome.
20     MR. NUTTALL: Thank you.
21     (The proceedings were concluded at 12:35 p.m.)
22     I, KAREN L. LOPEZ, Official Reporter, do hereby
23 certify that the foregoing transcript as true and correct.
24
25 DATED: 12/04/2008                /s/ Karen L. Lopez
                                    KAREN L. LOPEZ, RMR-CRR